45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Haideh G. MOGHADDAM, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70854.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Dec. 16, 1994.
 
 Before: LAY,* TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Haideh G. Moghaddam (Moghaddam) argues that the BIA erred in denying her request for asylum or withholding of deportation. She also appeals its denial of her motion to remand to establish her right to suspension of deportation. We grant her petition for review, vacate the BIA's decision and remand for further consideration of Moghaddam's application.
 
 DISCUSSION
 A. Denial of Asylum
 
 3
 Moghaddam argues that the BIA erred in denying her request for asylum. She claims she was targeted for persecution because of her political activities and her membership in a particular social group as a feminist.
 
 1. Credibility Finding
 
 4
 The BIA concurred with the Immigration Judge's (IJ) conclusion that Moghaddam's testimony lacked credibility. The Government argues that because Moghaddam has not challenged the credibility finding, it must stand. A similar argument was made in Aguilera-Cota v. INS, 914 F.2d 1375 (9th Cir.1990), where the Government argued "that the petitioner failed to raise the credibility issue before the BIA and thereby waived that issue." Id. at 1383 n. 8. We disagreed and held that "[t]he petitioner's challenge to the IJ's conclusion that his testimony failed to carry the burden of proof is sufficient to comprehend the credibility component of that finding." Id. Likewise, in this case, Moghaddam challenged the IJ's decision contending that it was contrary to the evidence and that she had met the requisite burdens of proof. Consequently, Moghaddam's appeal necessarily challenges the credibility finding. However, we hold that the IJ's credibility finding is supported by substantial evidence.
 
 
 5
 The IJ offered "specific, cogent reason[s] for his disbelief." Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987) (quotations and brackets omitted). First, he noted Moghaddam's irreconcilable responses to question 34 on her two applications for asylum. In 1984, Moghaddam did not indicate she was a member of any political organization or active in politics. Conversely, on her 1988 application, Moghaddam indicated she had "participated in anti-Khomeini activities in a very small group manner." We agree with the IJ that it is unlikely Moghaddam would have forgotten her political activities in 1984 but remembered them in 1988. Moghaddam's failure to disclose her political activities prior to her 1988 application casts doubt on her claim that she was politically active.
 
 
 6
 The IJ also questioned Moghaddam's credibility in light of the reason she gave for obtaining her nonimmigrant visa to the United States. Moghaddam obtained the visa so she could receive medical treatment for cancer, although she later discovered she did not have cancer. Moghaddam testified she did not tell authorities she was fleeing persecution in Iran because she did not know if she would like the United States. As the IJ noted, Moghaddam's request for a visa for medical purposes only is inconsistent with her claim that she was fleeing persecution.
 
 
 7
 Further, the IJ disbelieved Moghaddam's claim that she was in hiding for her last four months in Iran. Moghaddam claimed to go into hiding by moving from her mother's home to her sister's home. However, she continued to work while in hiding. As the IJ noted, Moghaddam's continued employment contradicts her claim that she was in hiding. We agree with the IJ that if she were really frightened for her life she would not have continued to work. If her persecutors knew she were distributing anti-Khomeini literature at work, they probably also knew where she worked.
 
 
 8
 Finally, we note Moghaddam submitted, in support of her asylum claim, a letter from Farimah Massoumi which claimed Moghaddam's car had been attacked and vandalized by Islamic Committee members. At the immigration hearing, Moghaddam conceded the incident never occurred. Moghaddam's submission of false evidence further impairs her credibility.
 
 
 9
 We hold that the IJ's credibility finding is supported by substantial evidence to conclude Moghaddam was not politically active. There is a rational and supportable connection between the reasons cited by the IJ and the conclusion that Moghaddam is not credible. See Aguilera-Cota, 914 F.2d at 1381. Moreover, the inconsistencies relate directly to Moghaddam's claim that she will be persecuted for her political activities. Because Moghaddam's claim that she was politically active is riddled with inconsistencies, she cannot assert that she is a refugee on this basis.
 
 2. Feminism
 
 10
 However, Moghaddam offers an alternative ground for establishing her status as a refugee. She contends she is a member of a particular social group composed of feminists.[1] We note, however, that "feminism" more appropriately refers to a political opinion than a particular social group and analyze the claim as such. See Fatin v. INS, 12 F.3d 1233, 1242 (3d Cir.1993) ("[F]eminism qualifies as a political opinion within the meaning of the relevant statutes."). Moghaddam claims that, because of her feminist beliefs, she abhors compulsory compliance with Iran's ultraconservative laws, sometimes referred to as the "moral codes."
 
 
 11
 In Fisher v. INS, 37 F.3d 1371 (9th Cir.1994), we concluded "[t]he threats to life and liberty described in ... reports [detailing the enforcement of the moral codes] clearly can rise to the level of 'persecution.' " Id. at 1379. Because the BIA had failed to consider "the punishment that might be inflicted upon [Fisher] for violating the ultraconservative laws should she return to Iran," id. at 1377, we vacated the BIA's denial of Fisher's asylum request and remanded. We also held that on remand Fisher did not need "to show ... that she will take conscious steps to violate the moral codes in order to meet her burden." Id. at 1382. Instead, we held that the likelihood of sanctions for inadvertent noncompliance is sufficient to establish a well-founded fear of future persecution. See id.
 
 
 12
 Like Fisher who expressed her abhorrence of the moral codes and her belief that the Khomeini regime was "attempting to suppress her beliefs through sanctioning her for noncompliance with the moral codes," id. at 1380, Moghaddam contends sanctions by the regime for her inadvertent noncompliance is also an attempt to persecute her for her feminist beliefs. Although Fisher's asylum claim was premised on a religious belief, unlike Moghaddam's claim which is premised on a political belief, pursuant to our recent decision in Fisher, we hold that enforcement of the moral codes to suppress either religious or political beliefs may be persecution. Because the BIA failed to consider the likelihood that Moghaddam will be persecuted in the future for inadvertent noncompliance with Iranian ultraconservative laws, we remand to the BIA for further consideration of this claim.
 
 B. Other Claims
 
 13
 Because we remand to the BIA for consideration of whether current sanctions for inadvertent noncompliance with the moral codes is persecution, we do not address Moghaddam's claim that the BIA erred in denying her withholding of deportation. The BIA may grant withholding of deportation if Moghaddam establishes a clear probability of persecution on remand. See INS v. Stevic, 467 U.S. 407, 413 (1984). Nor do we need to address Moghaddam's claim that the BIA erred in denying her motion to remand to allow her an opportunity to apply for suspension of deportation pursuant to 8 U.S.C. Sec. 1254(a)(1).
 
 
 14
 The petition for review is GRANTED. The BIA's decision is VACATED, and the case is REMANDED for further proceedings.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the Government's argument that Moghaddam cannot argue on appeal that she is entitled to refugee status due to her feminism because she did not previously make this assertion. The BIA held that Moghaddam "has not shown that she has a well-founded fear of persecution on the basis of membership in a particular social group because of her status as a woman." Although "women" is a broader group of individuals than "feminists," we conclude the argument was sufficiently raised before the BIA